Bussell G. Hunt, J.
This is an application by the State to amend the decision, containing findings of fact and conclusions of law and directing the entry of judgment, made and filed herein on November 23, 1956, respecting the computation of interest upon the amount awarded to the claimants in an appropriation case. The judgment has not yet been entered; the Attorney-General not having filed his written approval of title pursuant to rule 28 of the Court of Claims Buies.
The appropriation occurred on November 5, 1953, when the State filed the map and description in the Herkimer County-Clerk’s office; service was not made on the claimants until August 18, 1954, and the claim was filed in the office of the clerk of this court on October 2, 1954.
Interest upon the award was allowed from the date of vesting of title in the State, namely, November 5, 1953, to the entry of *611 judgment. The State contends, however, that pursuant to Vescera v. State of New York (3 A D 2d 644) and subdivision 1 of section 19 of the Court of Claims Act, interest may be awarded only from November 5, 1953, for six months to May 5, 1954, and from October 2, 1954 (the date of the filing of the claim) to the entry of judgment.
The application must be denied. A trial judge' has no authority to make a substantial change in his decision containing findings of fact and conclusions of law and directing the entry of judgment (President & Directors of Manhattan Co. v. Erlandsen, 36 N. Y. S. 2d 136, affd. 266 App. Div. 883, motion for leave to appeal denied 266 App. Div. 924). He has the authority to entertain a motion for a new trial and upon the hearing to amend findings of fact and conclusions of law and to render a new decision (Court of Claims Act, § 9, subd. 8; Civ. Prac. Act, § 549), provided, the application is made within 15 days after the decision is rendered (Rules Civ. Prac., rule 60-a). In this case the notice of motion is dated January 15, 1957, more than 15 days after the decision, hence, the application cannot be treated as a motion for a new trial.
Upon the merits, however, see La Porte v. State of New York (5 Mise 2d 419).
Submit order.